PEARSON, TILLMAN (Ret.), Associate Judge.
In this appeal we must decide the validity of a rule of the State of Florida, Department of Education relating to the licensing of correspondence schools. The rule, promulgated pursuant to §§ 246.201-.231, Florida Statutes, is designated “6F-2.02 Minimum Standards for Licensure of Schools,” and in pertinent part requires that in order to secure or renew its license a correspondence school must have a tuition refund policy that is “identical to or more liberal to the student than the refund policy required by an accrediting agency recognized by the United States Office of Education for that type of school.”
The appellant, Associated Schools, Inc., is a Florida corporation which operates a successful correspondence and training school from its principal place of business in Florida. It has been licensed by the State of Florida, Department of Education, for several years. When appellant sought renewal of its license for 1986-1987 the Department notified appellant of its intent to deny the license renewal because of appellant’s failure to comply with the tuition refund rule. The appellant and the Department thereafter agreed that the license would be renewed and that appellant would bring the formal rule challenge from which the now appealed order has come. In the final order on appeal, a Hearing Officer of the Division of Administrative Hearings held the rule valid.
In this appeal from the final order appellant urges first that the rule is invalid because it exceeds the legislative authority delegated to the Department of Education and, second, that the rule is invalid because it directly and excessively burdens interstate commerce. These grounds for the invalidity of the rule are said to apply because of the particular facts and circumstances which are a part of appellant’s operation. The school operates in several of the states of the United States and maintains 44 field offices throughout the United States. These field offices recruit students and perform ministerial functions for the company. After completing a two year home study course the students may come to appellant’s place of business in Florida for “hands on” training with the materials of their prospective trade.
Tuition refund policy is one of the aspects of the correspondence school business which is regulated by most if not all of the states in which appellant operates. Apparently such regulation is thought necessary because a significant percentage of students who sign contracts for correspondence courses do not complete the courses of study contracted for. As might be expected, the regulations of the several states differ so that the minimum refund required to be given to otherwise identically situated students “dropping out” of appellant’s program under identical circum *428 stances can differ depending solely on the students domicile. Accordingly, in order to minimize the amount of money it can be required to refund to students who do not complete its course of study, the appellant has chosen to adopt 22 separate contract forms in compliance with the various state regulations. In order to comply with the challenged rule the appellant will have to “liberalize” a number of. the contract forms it presently uses and forego some of the profit it would otherwise make on contracts with student “drop outs” who reside in states where there is no regulation upon the amount of refund given to the student after the course is dropped or where the regulation is less liberal to the student than the regulation prescribed by the rule.
Appellant’s first point, which urges the invalidity of the rule upon the ground that it exceeds the legislative authority granted to the Department by the act, is not well taken. The statement of legislative intent set out at § 246.201, Florida Statutes, provides that rules promulgated under §§ 246.201-.231:
shall protect the individual student from deceptive, fraudulent or substandard education. ...
This grant of authority for rule making is certainly broad enough to permit the Department to regulate refund policies, especially in view of the fact that a significant percentage of appellant’s students do not complete its course of study.
Appellant urges that while the rules at issue may be within the grant of authority as to Florida students, the rules transcend that authority when they are enforced as to out-of-state students. However, it must be borne in mind that it is the school that is regulated, not the students. There is no principle of law which requires that a valid regulation of a business apply only to relationships between the business and citizens of the regulating state. It would seem a strained interpretation of the act to hold that a valid rule prohibiting unfairness to students residing in Florida must carry an exemption permitting unfairness in dealings with citizens of other states.
In its second point on appeal appellant urges that the rule is contrary to the commerce clause of the United States Constitution in that it imposes a burden on interstate commerce. This argument likewise is without merit.
Regulatory statutes which arguably impinge on interstate commerce are to be evaluated by determining whether they operate evenhandedly having only incidental effects on commerce, or instead discriminate against commerce either on their face or in their practical effect. Hughes v. Oklahoma, 441 U.S. 322, 99 S.Ct. 1727, 60 L.Ed.2d 250 (1979). Since the rules claimed as a burden do not burden the out-of-state student but place him on exactly the same footing as Florida students with respect to refunds of prepaid enrollment charges, it is clear that there is no discrimination. There is no suggestion that the rules are unconstitutional as applied to students of this state. If a student should be so fortunate as to live in a state which has adopted a more “liberal to the student” refund regulation for correspondence schools authorized to do business in that state, there is nothing in the Florida rule which would deny him or her that larger refund. The interstate student is not burdened nor is commerce.
Appellant has cited Brown-Forman Distillers Corp. v. New York State Liquor Authority, 476 U.S. 573, 106 S.Ct. 2080, 90 L.Ed.2d 552 (1986), which we think must be recognized and distinguished. The New York statute which the U.S. Supreme Court considered in Brown-Forman Distillers was a price fixing statute. It required distillers of alcoholic beverages to affirm to the State of New York that the distiller would sell liquor to its New York customers at a price that was no higher than the lowest price at which it sold to customers in other states. The court found that the New York statute burdened interstate commerce because neither the distiller nor its customers could take advantage of market factors leading to a lower price in other states. The instant rule does not set a price for correspondence school tuition. The appellant is free to charge what the market will allow wherever it sells its *429 courses. We have not been pointed to any discriminatory effect from a rule that prescribes a fair refund policy. It must be borne in mind that the appellant has never claimed that the rule is unfair to any student.
Because we find no error demonstrated, the final order appealed is AFFIRMED.
SHIVERS and ZEHMER, JJ., concur.